UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT ILES,
    Plaintiff

vs.

DENNIS SKEENE,
    Defendant.

Case No. 1:15-cv-631
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Robert Iles has filed a pro se petition for removal of a state court civil action to the United States District Court. By separate Order issued this date, Mr. Iles has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of Mr. Iles' petition for removal of a state court action to this federal court to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

The removal petition alleges that Mr. Iles is a party-plaintiff to a state court action against a former Clermont County law enforcement officer which is pending in the Clermont County, Ohio Court of Common Pleas. Mr. Iles asserts that he is dissatisfied with the state judge's rulings in that matter and he seeks to remove the case to this federal court.

The federal removal statute provides, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under the plain terms of the statute, the right to remove is limited to "the defendant or defendants." The Supreme Court has cautioned that this statute should be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313

U.S. 100, 108 (1941). Because Mr. Iles is the plaintiff in the state court action, he is not authorized to remove the case from state to federal court. *Id.*; *Johnson v. City of Wakefield*, No. 2:07-CV-156, 2007 WL 2904039, at *1 (W.D. Mich. Oct. 4, 2007) ("A plaintiff who commences a civil action in state court does not have a right of removal to a federal court.") (citing *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *Shamrock Oil*, 313 U.S. 100; *Ballard's Service Center, Inc., v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989); *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972); *Yee v. Michigan Supreme Court*, No. 06-CV-15142, 2007 WL 1198905 (E.D. Mich. April 19, 2007); *Santiago v. Chandler*, No. 3:06-CV-P408, 2006 WL 2583715 (W.D. Ky. Sept. 7, 2006); *McCane v. McCane*, 47 F. Supp.2d 848 (E.D. Mich. 1999); *Geiger v. Arctco Enterprises, Inc.*, 910 F. Supp. 130 (S.D.N.Y. 1996)). *See also McBride v. Harrell*, No. 2:12CV147, 2012 WL 589238, at *1 (M.D. Ala. Feb. 22, 2012) (§ 1441(a) does not grant litigant the right to seek removal of a cause of action in which she is the plaintiff); *Zubiate v. Childress*, No. C98-2297, 1998 WL 310760, at *1 (N.D. Cal. June 11, 1998) ("The right to remove a case from state court to federal court is vested exclusively in the defendants.").

**IT IS THEREFORE RECOMMENDED:**

1. Mr. Iles' petition for removal of a state court action to this federal court should be **DENIED.**

2. This matter should be dismissed from the docket of the Court.

3. This matter should be **REMANDED** to the state court. *See* 28 U.S.C. § 1447(c).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Mr. Iles leave to appeal *in forma pauperis*. Mr. Iles should also be advised that he remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan*

*v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/2/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT ILES,
    Plaintiff

vs.

DENNIS SKEENE,
    Defendant.

Case No. 1:15-cv-631
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).